IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRIS RUBI,

    Plaintiff,

v.                                                                                                        No. CIV 18-0979 RB/KBM

TOWN OF MOUNTAINAIR, POLICE
CHIEF ALFREDO C. TURRIETA, and
SHAYNA NAZARIO, Mountainair
Police Officer,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This lawsuit arises from a citation for disorderly conduct that Mountainair Police Department (MPD) Officer Shayna Nazario issued to Plaintiff Chris Rubi. The citation was ultimately dismissed by the Mountainair Municipal Court, and the charges have not been refiled. Mr. Rubi contends that Defendants only filed the citation in order to harm and harass him. He now brings suit against the Town of Mountainair (Mountainair), former MPD Chief Alfredo Turrieta, and Officer Nazario. Relevant to this opinion, Plaintiff brings claims for malicious prosecution and municipal and supervisory liability pursuant to 42 U.S.C. § 1983, and under the New Mexico Tort Claims Act (NMTCA) and the New Mexico Inspection of Public Records Act (IPRA).

After considering the briefs and the relevant law, the Court will **grant in part** Defendants' motion for partial summary judgment filed on January 17, 2019 (Doc. 19), **grant** Defendants' motion to dismiss filed on November 12, 2018 (Doc. 9), and **dismiss** Plaintiff's federal claims. The Court declines to exercise supplemental jurisdiction over the remaining state law claims. If Plaintiff declines to file a motion to amend as ordered herein, the Court will dismiss the lawsuit without prejudice so that Plaintiff may refile in state court.

**I.    Background**[1]

Mr. Rubi was involved in an altercation with Mr. Edward Padilla, Jr. on June 8, 2017. (*See* Docs. 27-1 ¶¶ 13–27; 19-1 ¶ 4.) Mr. Padilla is a municipal employee with Mountainair. (*See* Docs. 19-2 ¶ 4; 27-1 ¶ 16.) After the incident, Mr. Rubi went to the MPD and spoke with Officer Nazario to file a police report. (*See* Docs. 27-1 ¶ 28; 19-1 ¶ 4.) Officer Nazario took Mr. Rubi's statement and later contacted Mr. Padilla and an alleged witness, Ms. Andrea Reynaga, to obtain their versions of the incident. (Doc. 19-1 ¶¶ 4–15.) Mr. Rubi asserted that Mr. Padilla instigated the altercation, yelled at him, pushed him, and threatened violence against Mr. Rubi and his son. (*See id.* ¶¶ 5–10; *see also* Doc. 27-1 ¶¶ 17–27.) According to Officer Nazario's Declaration, Mr. Padilla's version differs—he identified Mr. Rubi as the person who began the argument, and he stated that both men yelled and cursed at each other. (*See* Doc. 19-1 ¶¶ 12–14.) Ms. Reynaga, who allegedly witnessed the altercation, submitted a written statement to Officer Nazario and stated that she witnessed both men yelling and cursing at each other. (*See id.* ¶¶ 15–19; Doc. 19-1-A.) Mr. Rubi disagrees with both Mr. Padilla's and Ms. Reynaga's versions of the altercation, but he does not dispute that each gave their statements to Officer Nazario. (*See* Doc. 27 at 2.)

Officer Nazario consulted with Deputy District Attorney Ray Sharbutt to apprise him of the matter. (*See* Doc. 19-1 ¶ 22.) Officer Nazario informed Mr. Sharbutt that "she had an eye witness to the dispute but was questioning whether she could file charges given [that Mr. Padilla] was employed by the City of Mountainair, which was her employer, as well." (*See* Doc. 19-2 ¶ 4.) Mr. Sharbutt "advised Officer Nazario to issue non-traffic citations for disorderly conduct" pursuant to Mountainair Ordinance § 7-1-5 to both Mr. Rubi and Mr. Padilla. (*See id.*; *see also*

---

[1] Except as otherwise noted, the facts are undisputed. The Court recites only that portion of the factual and procedural history relevant to this motion.

Doc. 19-1 ¶ 22.) *See also* Town of Mountainair, Code of Ordinances § 7-1-5.[2] On June 14, 2017, Mr. Rubi came to police headquarters to submit a written statement about the incident, and Officer Nazario issued a non-traffic citation for disorderly conduct to him at that time. (*See* Docs. 19-1 ¶ 23; 19-2 ¶ 5; 27-1 ¶ 30.)

Mr. Rubi retained an attorney for his July 5, 2017 arraignment in Mountainair Municipal Court. (*See* Docs. 19-3 ¶ 6; 19-3-A; 27-1 ¶¶ 30, 32.) On June 21, 2017, his attorney's paralegal left a voicemail message with the Mountainair Municipal Court requesting certain information. (Doc. 1-6 ¶ 3.) The person who returned the call identified herself as Judge Riley. (*Id.* ¶ 4.) Judge Riley expressed surprise that Mr. Rubi would need an attorney for an arraignment. (*Id.* ¶ 9.) The paralegal explained that Mr. Rubi "had been attacked by the other individual and . . . felt he needed legal representation." (*Id.* ¶ 10.) Judge Riley responded, "I know that's not true" and stated that she had already heard about the situation and understood that Mr. Rubi had caused trouble at City Hall. (*Id.* ¶¶ 11–12.) Mr. Rubi's attorney discussed this exchange with Judge Riley at the arraignment, and Judge Riley agreed to recuse herself. (*See* Docs. 27-2 ¶ 10; 19-3 ¶ 7; 19-3-B.) Judge Riley "instructed Chief Turrieta to reissue and/or file the citation in" another jurisdiction. (*See* Doc. 19-3 ¶ 10.) Neither Officer Nazario nor Chief Turrieta has ever reissued the citation. (*See* Docs. 19-1 ¶ 25; 19-4 ¶ 7; 19-5 ¶¶ 3–4.)

Mr. Rubi brings four claims: (1) Count 1: malicious prosecution pursuant to 42 U.S.C. § 1983 (*see* Doc. 1 (Compl.) ¶¶ 50–59); (2) Count 2: municipal and supervisory liability pursuant to 42 U.S.C. § 1983 (*see id.* ¶¶ 60–67); (3) Count 3: tort claims pursuant to the NMTCA, N.M. Stat. Ann. §§ 41-4-6 and 41-4-12 (1978) (*see id.* ¶¶ 68–78); and (4) Count 4: a violation of IPRA, N.M.

---

[2] All Mountainair municipal ordinance sections cited in this Opinion are available on the Town of Mountainair website, Documents tab, at the link marked "Ordinances," and then by selecting the "Municipal Code" folder. *See* Town of Mountainair, http://mountainairnm.gov/documents.

Stat. Ann. §14-2-1–12 (1978) (*see id.* ¶¶ 79–87). Defendants move for summary judgment on Plaintiff's malicious prosecution and NMTCA claims (*see* Doc. 19) and contend that he has failed to state a claim for municipal and supervisory liability (*see* Doc. 9).

## II. The Court will grant in part Defendants' motion for summary judgment.

### A. Summary Judgment Standard of Review

Summary judgment is appropriate when the Court, viewing the record in the light most favorable to the nonmoving party, determines "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). A fact is "material" if it could influence the determination of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if a reasonable trier of fact could return a verdict for either party. *Id.*

The Court views all "facts in the light most favorable to . . . the non-moving party and 'draws all reasonable inferences' in [his] favor." *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1306 (10th Cir. 2017) (quoting *Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 538 (10th Cir. 2014)). "Even so, the non-movant . . . must 'marshal[ ] sufficient evidence' requiring submission to the jury 'to avoid summary judgment.'" *Id.* (quoting *Osborne v. Baxter Healthcare Corp.*, 798 F.3d 1260, 1281 (10th Cir. 2015)).

### B. The Court will grant summary judgment to Defendants on Plaintiff's malicious prosecution claim.

Mr. Rubi asserts a claim for malicious prosecution on the basis that Chief Turrieta and Officer Nazario falsely charged him with disorderly conduct without probable cause, without erforming an investigation, and with malice and the intent to harm or harass him. (*See* Compl. ¶¶

51, 56–57.) He contends that "Defendants deprived [him] of his Fourteenth Amendment right to be free of any deprivation of liberty without due process of law" by failing to investigate and to disclose the police report and other "information accessed during the investigation . . . ." (*Id.* ¶ 54.)

Defendants set forth substantive arguments to establish that Plaintiff cannot prove his malicious prosecution claim.[3] (*See* Doc. 19 at 8–15.) Plaintiff does not attempt to dispute Defendants' arguments, but instead asserts that his claim is more accurately characterized as one for vindictive or retaliatory prosecution under the First Amendment. (*See* Doc. 27 at 7.) Because Plaintiff does not attempt to salvage his malicious prosecution claim, the Court will grant Defendants' motion on Plaintiff's malicious prosecution claim and dismiss it with prejudice. *See Hinsdale v. City of Liberal, Kan.*, 19 F. App'x 749, 768–69 (10th Cir. 2001) (affirming summary judgment on a claim abandoned in summary judgment briefing); *Coffey v. Healthtrust, Inc.*, 955 F.2d 1388, 1393 (10th Cir. 1992) (same).

> **C.     Plaintiff did not adequately plead a claim for retaliatory prosecution and the Court declines to construe his response as a motion to amend.**

A plaintiff must prove the following elements to bring a First Amendment retaliation claim against the government pursuant to 42 U.S.C. § 1983:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

---

[3] Defendants premise their arguments on a malicious prosecution claim brought under the Fourth Amendment and argue that Plaintiff has improperly brought his claim pursuant to the Fourteenth Amendment because the United States "Supreme Court [has] specifically excluded substantive due process as the basis for a malicious prosecution claim." *See Wilkins v. DeReyes*, 528 F.3d 790, 797 n.4 (10th Cir. 2008) (discussing *Albright v. Oliver*, 510 U.S. 266, 274–75 (1994)). (*See* Doc. 19 at 8–9.) The Court notes, however, that the Tenth Circuit has acknowledged that "a plaintiff's § 1983 malicious prosecution claim may also encompass procedural due process violations." *See Wilkins*, 528 F.3d at 797 n.4 (citation omitted). The distinction makes no difference in this case, however, as Plaintiff has abandoned his malicious prosecution claim.

*Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007) (citing *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000)). Where, as appears to be the case here, the retaliation claim is based on an investigation or citation that leads to a criminal prosecution, the plaintiff must prove a fourth element: "lack of probable cause to support the underlying criminal charge."[4] *See Buck v. City of Albuquerque*, No. CV 04-1000 JP/DJS, 2007 WL 9734037, at *43 (D.N.M. Apr. 11, 2007), *aff'd*, 291 F. App'x 122 (10th Cir. 2008), & *aff'd in part, appeal dismissed in part*, 549 F.3d 1269 (10th Cir. 2008) (citing *Hartman v. Moore*, 547 U.S. 250, 265–66 (2006)); *see also Chizmar v. Borough of Trafford*, No. 2:09-cv-188, 2011 WL 1200100, at *12–13 (W.D. Penn. Mar. 29, 2011).

Plaintiff admits that he never mentioned retaliatory prosecution or the First Amendment in his Complaint but maintains that such a claim "should have been clear to Defendants . . . ." (*See* Doc. 27 at 9.) The Court disagrees. Plaintiff very clearly asserted a claim for malicious prosecution pursuant to the Fourteenth Amendment. (*See* Compl.) It is not Defendants' burden to craft alternative theories of relief that Plaintiff failed to properly assert.

"Normally a claim or theory that is not adequately raised in the complaint will not be considered" in ruling on a motion for summary judgment." *Fuqua v. Lindsey Mgmt. Co.*, 321 F. App'x 732, 734–35 (10th Cir. 2009) (citations omitted). Plaintiff has not filed a motion to amend

---

[4] Neither party disputes that the citation was part of a criminal proceeding and is thus actionable as the basis for a First Amendment retaliatory prosecution claim. (*See*, *e.g.*, Docs. 27 at 10 (characterizing the issuance of the citation as a "threat of criminal prosecution"); 28 at 8–9 (discussing the requirements to find probable cause for criminal activity).) *See also Chizmar v. Borough of Trafford,* No. 2:09-cv-188, 2011 WL 1200100, at *19 (W.D. Penn. Mar. 29, 2011).

The Court takes notice that Chapter VII of the Mountainair Ordinances, entitled "Morals and Conduct," references N.M. Stat. Ann. § 40A-1-1, *et seq.* (1953), the precursor to N.M. Stat. Ann. §30-1-1–15 (1978), New Mexico's Criminal Code. Mountainair Ordinance § 1-7-1 provides that unless there is a specific penalty provided, a violation of a municipal ordinance is punishable "by a fine not exceeding [$500] or by imprisonment not exceeding [90] days or by both such fine and imprisonment . . . ."

his Complaint, nor will the Court construe his response as a motion to amend as it does not comply with this District's Local Rules.[5] *See* D.N.M. LR-Civ. 15.1 (requiring a plaintiff to attach a proposed amendment to a motion to amend). Moreover, Plaintiff did not adequately address the elements of a retaliatory prosecution claim as related to the facts of this lawsuit. (*See* Doc. 27.) Because Plaintiff did not raise this claim in his Complaint and the parties did not adequately brief the issue, the Court declines to consider retaliatory prosecution in this Opinion. If Plaintiff wishes to file a motion to amend, he must do so no within 30 days of entry of this Memorandum Opinion and Order.

**III.   The Court will grant Defendants' motion to dismiss.**

   **A.   Motion to Dismiss Standard**

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (citation omitted). To survive a motion to dismiss, the complaint does not need to contain "detailed factual allegations," but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

---

[5] Plaintiff also mentioned that "discovery is necessary to explore the ultimate fact issues on which judgment would or could be issued." (Doc. 27 at 6.) "Federal Rule of Civil Procedure 56(d) allows a court to defer or deny a motion for summary judgment '[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" *Huntingford v. Pharmacy Corp. of Am.*, No. 1:17-CV-1210-RB-LF, 2019 WL 78783, at *3 (D.N.M. Jan. 2, 2019) (quoting Fed. R. Civ. P. 56(d)). Plaintiff failed to submit an affidavit or declaration and to give specific reasons that he needed discovery on facts to justify his opposition to Defendants' motion. Thus, the Court will deny any motion for discovery.

### B. The Court will dismiss the municipal and supervisory liability claims.

Mr. Rubi brings a claim for municipal liability against Mountainair. (Compl. ¶¶ 60–67.) Mountainair will not "be held liable under § 1983 solely because its officers inflicted injury." *Griego v. City of Albuquerque*, 100 F. Supp. 3d 1192, 1212 (D.N.M. 2015) (citing *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006)). "Rather, to establish municipal liability under § 1983, a plaintiff must demonstrate: (i) that an officer committed an underlying constitutional violation; (ii) that a municipal policy or custom exists; and (iii) that there is a direct causal link between the policy or custom and the injury alleged." *Id.* (citing *Graves*, 450 F.3d at 1218). Defendants focus on the second element. (*See* Doc. 9 at 4–7.)

Plaintiff asserts in his Complaint that Mountainair and "Chief Turrieta created a climate that led other Defendants consisting of officers to believe that they could act with impunity, violate civil rights, and otherwise conduct themselves in the manner described" in the Complaint. (Compl. ¶ 62.) He also asserts that these two defendants "failed to properly train, supervise, and admonish Defendants." (*Id.* ¶ 63.)

"Pleading a municipal policy, custom, or practice is like pleading the breach element of negligence—which is also ultimately a question of fact for the jury." *Griego*, 100 F. Supp. 3d at 1213. "The plaintiff cannot simply allege that there is a policy in place, but, rather, must plead facts that, if true, would give rise to a plausible inference that such a policy exists." *Id.* "With formal or written policies, satisfying this pleading standard is easy; the plaintiff can simply allege what the policy is and where it is codified." *Id.* Mr. Rubi does not discuss a written policy in his Complaint. (*See* Compl.)

To make allegations sufficient to show an informal policy, custom, or practice,

> the plaintiff can plead either a pattern of multiple similar instances of misconduct—no set number is required, and the more unique the misconduct is, and the more similar the incidents are to one another, the smaller the required number will be to render the alleged policy plausible—or use other evidence, such as a police officers' statements attesting to the policy's existence.

*Griego*, 100 F. Supp. 3d at 1213. Here, Plaintiff does not plead multiple similar instances of misconduct. Rather, he asserts only in general that Mountainair and Chief Turrieta maintained some type of policy that caused Officer Nazario to violate his rights on a single occasion. (*See* Compl. ¶¶ 60–67.) Without additional, specific supporting facts, this vague allegation of an undefined custom is insufficient to show an informal practice that will withstand a motion to dismiss.

### C. The Court will dismiss the supervisory liability claim.

Mr. Rubi may not hold Chief Turrieta liable under section 1983 "unless there is 'an affirmative link . . . between the constitutional deprivation and either the supervisor's personal participation, [ ] exercise of control or direction, or [ ] failure to supervise.'" *Reid v. Pautler*, 36 F. Supp. 3d 1067, 1120 (D.N.M. 2014) (quoting *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (internal quotation marks omitted)). To demonstrate supervisory liability, a plaintiff must show: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* (quoting *Dodds v. Richardson*, 614 F.3d at 1185, 1199–1200 (10th Cir. 2010)).

As with the municipal liability claim, Plaintiff has failed to sufficiently allege that Officer Nazario acted pursuant to a policy and to allege facts to show that Chief Turrieta was responsible for promulgating, creating, implementing, or had responsibility for any such policy.

Moreover, as Plaintiff has abandoned his malicious prosecution claim and has not filed a

motion to amend to add a retaliatory prosecution claim, it appears that he has failed to demonstrate that an officer violated his constitutional rights. *See*, *e.g.*, *Chavez v. Cty. of Bernalillo*, 3 F. Supp. 3d 936, 1001 (D.N.M. 2014). In short, Plaintiff has merely recited the elements of municipal and supervisory liability claims without alleging any facts to state a plausible claim for relief under either theory. This is insufficient under *Iqbal*, *see* 556 U.S. at 678–79, and the Court will dismiss both without prejudice.

**IV.     The Court will grant summary judgment in part to Defendants with respect to Plaintiff's NMTCA claims.**

Mr. Rubi brings his third cause of action under sections 41-4-6 and 41-4-12 of the NMTCA. (*See* Compl. ¶¶ 68–78.) The NMTCA "shields 'governmental entities and public employees from tort liability unless immunity is specifically waived by' the" NMTCA. *Trujillo v. Salazar*, No. CIV-04-0689 JB/WDS, 2006 WL 1228827, at *5 (D.N.M. Mar. 1, 2006) (quoting *Archibeque v. Moya*, 866 P.2d 344, 346 (N.M. 1993)). "A plaintiff may not sue a governmental entity of New Mexico or its employees or agents unless the plaintiff's cause of action fits within one of the exceptions listed in the NMTCA." *Hunt v. Cent. Consol. Sch. Dist.*, 951 F. Supp. 2d 1136, 1193 (D.N.M. 2013) (citing *Begay v. New Mexico*, 723 P.2d 252, 256 (N.M. Ct. App. 1985) ("Consent to be sued may not be implied, but must come within one of the exceptions to immunity under the Tort Claims Act."), *rev'd on other grounds by Smialek v. Begay*, 721 P.2d 1306 (N.M. 1986)).

Plaintiff cites sections 41-4-6 and 41-4-12 in his Complaint. (*See* Compl. ¶¶ 68–78.) Section 41-4-6 waives immunity "for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings." N.M. Stat. Ann. § 41-4-6(A). Defendants argue that Mr. Rubi may not maintain a

claim under section 41-4-6 because he cannot prove bodily injury, wrongful death, or property damage. (*See* Doc. 19 at 15.) Plaintiff did not respond to this argument and thus has abandoned any claim under section 41-4-6. (*See* Doc. 27.) Consequently, the Court dismisses the claim with prejudice. *See Hinsdale*, 19 F. App'x at 768–69; *Coffey*, 955 F.2d at 1393.

Section 41-4-12 waives immunity

for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

N.M. Stat. Ann. § 41-4-12. Mr. Rubi asserts that "he was subjected to [malicious] abuse of process,[6] libel, slander and defamation of his character due to Officer Nazario's issuance of the citation to him . . . ." (Doc. 27 at 11.) He also asserts that Mountainair and Chief Turrieta negligently supervised Officer Nazario and are liable under the doctrine of respondeat superior. (*Id.*)

Defendants argue that Officer Nazario enjoys an absolute privilege from liability for libel, slander, or defamation because any alleged statements that Plaintiff complains of were made in the course of judicial proceedings. (*See* Doc. 19 at 17–18 (citing *Superior Constr., Inc. v. Linnerooth*, 712 P.2d 1378, 1381 (N.M. 1986); *Romero v. Prince*, 513 P.2d 717, 720 (N.M. Ct. App. 1973)).) They further argue that without a showing that Officer Nazario committed libel, slander, or defamation, Plaintiff cannot maintain a claim against Mountainair or Chief Turrieta for negligent

---

[6] Mr. Rubi acknowledges that the New Mexico Supreme Court has merged the torts of "malicious prosecution" and "abuse of process" into a single tort—malicious abuse of process. (*See* Doc. 27 at 11–12 (citing *DeVaney v. Thriftway Mktg. Corp.*, 953 P.2d 277, 283 (N.M. 1998), *overruled on other grounds by Durham v. Guest*, 204 P.3d 19, 26 (N.M. 2009), & *abrogated on other grounds by Fleetwood Retail Corp. of N.M. v. LeDoux*, 164 P.3d 31, 39–40 (N.M. 2007)).)

11

supervision under the NMTCA. (*See id.* at 18.) Plaintiff fails to respond to either of these arguments in his response brief. (*See* Doc. 27.) Without passing on the merits of Defendants' argument regarding absolute immunity, the Court finds that Plaintiff has abandoned any claim based on these torts pursuant to section 41-4-12 due to his failure to respond to Defendants' arguments. *See Hinsdale*, 19 F. App'x at 768–69; *Coffey*, 955 F.2d at 1393. The Court will, therefore, dismiss any claim based on libel, slander, or defamation with prejudice.

Plaintiff's only remaining claim under the NMTCA is one for malicious abuse of process. As the Court has dismissed Plaintiff's federal claims and Plaintiff has not moved to amend his Complaint, the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims under both the NMTCA and IPRA. *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"); *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (stating that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims") (citation omitted). If Plaintiff files a motion to amend, Defendants may opt to refile a future motion regarding Plaintiff's claim under section 41-4-12.

## V. Conclusion

For the foregoing reasons, the Court grants in part Defendants' motion for partial summary judgment, grants Defendant's motion to dismiss, dismisses Plaintiff's federal claims, and declines to exercise supplemental jurisdiction over the remaining state law claims.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiff's Second Cause of Action Alleging Municipal and Supervisory Liability (Doc. 9) is **GRANTED** and

Plaintiff's claim for municipal and supervisory liability under 42 U.S.C. § 1983 is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment as to Federal Claims (Qualified Immunity Raised as to Defendants Nazario and Turrieta) and State Tort Claims (Doc. 19) is **GRANTED IN PART**, as follows: Plaintiff has abandoned his claims for malicious prosecution, under section 41-4-6 and for libel, slander, and defamation under section 41-4-12, and they are **DISMISSED WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction over his remaining state law claims (malicious abuse of process under section 41-4-12 and under IPRA) and thus **DENIES** the remainder of Defendants' motion for summary judgment.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file a motion to amend his Complaint to add a federal claim for retaliatory prosecution, he must do so within 30 days of entry of this Memorandum Opinion and Order. If he fails to file a motion to amend, the Court will **DISMISS WITHOUT PREJUDICE** his remaining state law claims so that he may refile them in state court.

_____
**HONORABLE MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

**Dated: August 15, 2019**