# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHRIS RUBI,

      Plaintiff,

v.                                                          CIV 18-0979 MV/KBM

TOWN OF MOUNTAINAIR, POLICE
CHIEF ALFREDO C. TURRIETA, and
SHAYNA NAZARIO, Mountainair
Police Officer,

      Defendants.

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on United States Magistrate Judge Karen B. Molzen's Proposed Findings and Recommended Disposition (PF&RD), filed on December 11, 2019. Doc. 38. Judge Molzen recommends that the Court find that Plaintiff's Amended Complaint would not survive a motion to dismiss on the basis that he cannot demonstrate that Officer Nazario or Chief Turrieta lacked arguable probable cause to cite him for disorderly conduct. *See id.* at 11. Plaintiff filed objections to the PF&RD on December 26, 2019, contending that Judge Molzen erred in finding arguable probable cause because "Officer Nazario did not complete a *full* investigation." Doc. 39 at 2. Having carefully performed a *de novo* review on the specific issue to which Plaintiff objects, I find that his argument is without merit. I will, therefore, **OVERRULE** Plaintiff's Response in Opposition to Proposed Findings and Recommended Disposition (Doc. 39), **ADOPT** the Magistrate Judge's PF&RD (Doc. 38), **DENY** Plaintiff's motion to amend (Doc. 33), and **DISMISS** this case.

# BACKGROUND[1]

On June 8, 2017, Plaintiff was involved in an altercation with Mr. Edward Padilla, Jr., who is a municipal employee with the Town of Mountainair. Docs. 19-1 ¶ 4; 19-2 ¶ 4; 27-1 ¶¶ 13–27. Mr. Rubi filed a report with Officer Nazario of the Mountainair Police Department ("MPD"). Docs. 19-1 ¶ 4; 27-1 ¶ 28. Officer Nazario took Mr. Rubi's statement, and later that day, she took statements from both Mr. Padilla and Ms. Andrea Reynaga, an alleged witness to the altercation. Doc. 19-1 ¶¶ 4–15. Both men blamed the other for instigating the altercation, and each accused the other of yelling and cursing. Docs. 19-1 ¶¶ 5–10, 12–14; 27-1 ¶¶ 17–27. Ms. Reynaga told Officer Nazario that she saw both men yelling and cursing at each other. Docs. 19-1 ¶¶ 15–19; 19-1-A. Plaintiff vehemently disagrees with Mr. Padilla's and Ms. Reynaga's versions of the incident, but he does not dispute that each gave their statements to Officer Nazario. Doc. 27 at 2.

After Officer Nazario performed her investigation on June 8, 2017, she consulted with Deputy District Attorney Ray Sharbutt. Doc. 19-1 ¶ 22. Mr. Sharbutt advised her to issue both men non-traffic citations for disorderly conduct pursuant to Mountainair Ordinance § 7-1-5. Docs. 19-1 ¶ 22; 19-2 ¶ 5.

On June 13, 2017, Plaintiff signed a Victim/Witness Statement to submit to the MPD. *See* Docs. 1-3; 33-1-3. In this statement, he named two additional alleged witnesses. Docs. 1-3 at 2; 33-1-3 at 2. When Plaintiff went to police headquarters to give Officer Nazario his written statement, she gave him the non-traffic citation. Doc. 19-1 ¶ 23; 27-1 ¶ 30. It is undisputed that Officer Nazario did not obtain a statement from either of the additional witnesses whom Plaintiff

---

[1] The Court more fully laid out the facts of this lawsuit in its August 15, 2019 Memorandum Opinion and Order and incorporates them herein by reference. *See* Doc. 32 at 2–4.

named. *See* Doc. 39 at 2; *see also* Doc. 19-1. Plaintiff's citation was later dismissed and has not been refiled. *See* Doc. 32 at 3.

## DISCUSSION

### I. Legal Standards

The undersigned referred Plaintiff's Opposed Motion to File Amended Complaint (Doc. 33) to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B); *see also* Rule 72(b) of the Federal Rules of Civil Procedure. Doc. 37. A party may file objections to a magistrate judge's proposed findings and recommendations within 14 days. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2). When resolving objections to a magistrate judge's proposed findings and recommendations, "the [C]ourt shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "[T]he [C]ourt may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny leave where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendments are "futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th

Cir. 2008) (quotation omitted). This includes circumstances in which "the complaint, as amended, . . . would not survive a motion for summary judgment." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) (citing *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *Bauchman v. W. High Sch.*, 132 F.3d 542, 561 (10th Cir. 1997)).

## II. Plaintiff's Objections

Plaintiff brings one claim in his proposed amended complaint – retaliatory prosecution.[2] Doc. 33-1 ¶¶ 51–60. The parties agree that to state a claim for retaliatory prosecution, Plaintiff must show that: (1) "he was engaged in a constitutionally protected activity;" (2) the defendant official's "action caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity;" (3) the official's "action was substantially motivated as a response to [the plaintiff's] exercise of his First Amendment speech rights[;]" and (4) that the official urging prosecution had "a retaliatory motive . . . combined with an absence of probable cause." *Cowley v. W. Valley City*, 782 F. App'x 712, 720 (10th Cir. 2019) (quotations and brackets omitted). Plaintiff agrees that "the core issue before the Court" is whether he has sufficiently alleged that Officer Nazario lacked arguable probable cause to issue the citation. Doc. 35 at 1.

"Arguable probable cause exists where 'a reasonable police officer in the same circumstances . . . and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in light of well-established law.'" *Fenn v. City of*

---

[2] The Court had intended to dismiss Plaintiff's original federal claim for municipal and supervisory liability under 42 U.S.C. § 1983 without prejudice. Doc. 32 at 12–13. Given that Plaintiff's proposed amended complaint contains no such claim, the Court considers it abandoned and will instead now dismiss that claim with prejudice.

4

*Truth or Consequences*, No. 2:18-CV-00634 WJ/GBW, 2019 WL 943518, at *4 (D.N.M. Feb. 26, 2019) (quoting *Felders ex rel. Smedley v. Malcom*, 755 F.3d 870, 879 (10th Cir. 2014)). "Arguable probable cause is another way of saying that the officers' conclusions rest on an objectively reasonable, even if mistaken, belief that probable cause exists." *Id.* (quoting *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014)).

      Plaintiff argues that Officer Nazario could not have had arguable probable cause because she did not interview the two alleged witnesses whom he named in his June 13, 2017 Victim/Witness statement. Docs. 35 at 2; 39 at 2. Plaintiff fails, however, to cite any controlling authority in support of his theory. In *Romero v. Fay*, the Tenth Circuit found that a plaintiff (Romero) had failed to show that a law enforcement officer (Officer Fay) arrested him without probable cause. 45 F.3d 1472, 1476 (10th Cir. 1995). There, two witnesses gave statements to Officer Fay and implicated Romero in a shooting. *Id.* at 1474. Officer Fay then arrested Romero without a warrant. *Id.* After his arrest, Romero gave Officer Fay an alibi and directed him to three named witnesses who could verify his alibi. *Id.* Officer Fay told Romero "that the witnesses were of little significance because they would like to protect [him]." *Id.* The officer did not interview any of the three witnesses. *Id.* Romero brought a § 1983 action against the officer for the warrantless arrest and argued that the officer arrested him "without probable cause pursuant to an unreasonable pre-arrest investigation . . . ." *Id.* The Tenth Circuit disagreed and found that Officer Fay properly made a probable cause finding after interviewing the two witnesses, because there was no showing that these statements "did not constitute reasonably trustworthy information . . . ." *Id.* at 1476; *see also Lassiter v. Carver*, No. 16-CV-1008 SMV/CG, 2017 WL 3208531, at *3 (D.N.M. May 1, 2017) ("A police officer can base a probable cause determination on a witness's statement alone.") (citing *Romero*, 45 F.3d at 1476).

Here, Plaintiff claimed in his original motion to amend that Officer Nazario knew that Ms. Reynaga has a 2013 felony narcotic conviction. Doc. 35 at 2. As Judge Molzen observed, however, Plaintiff failed to explain why such a conviction would make Ms. Reynaga "inherently incredible." Doc. 38 at 9. Regardless, Plaintiff does not object to this finding in his response to the PF&RD. *See* Doc. 39. Instead, he objects to the finding that Officer Nazario was not obligated to interview the two witnesses Plaintiff named in his Victim/Witness Statement. *Id.* at 2; *see also* Doc. 1-3.

Plaintiff ignores the Tenth Circuit's finding in *Romero*. There, Romero also claimed that the officer had conducted an "unreasonable pre-arrest investigation" by failing to interview the three people Romero had named. The Tenth Circuit disagreed and found that the officer was not obligated to interview the alibi witnesses. *Romero*, 45 F.3d at 1476; *see also Ganley v. Jojola*, 402 F. Supp. 1021, 1086 (D.N.M. 2019) (noting that "[o]nce an officer establishes probable cause, he or she is 'not required to continue to investigate for exculpatory evidence before arresting a suspect'") (quoting *Cortez v. McCauley*, 478 F.3d 1108, 1121 n.18 (10th Cir. 2007)). Plaintiff makes no attempt to unearth authority to distinguish *Romero* or support his position. *See* Doc. 39. Thus, I find that Plaintiff's proposed amended complaint is futile, as he cannot show that Officer Nazario lacked arguable probable cause to issue the citation.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Response in Opposition to Proposed Findings and Recommended Disposition (Doc. 39) is OVERRULED, and the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 38) are ADOPTED upon *de novo* review. Plaintiff's Opposed Motion to Amend (Doc. 33) is therefore DENIED.

IT IS FURTHER ORDERED that the Court will enter a Final Order pursuant to Federal Rule of Civil Procedure 58 entering partial summary judgment for Defendants on the federal claims, all state claims brought pursuant to N.M. Stat. Ann. § 41-4-6, and the state claims for libel, slander, and defamation brought pursuant to § 41-4-12. The Final Order will also decline to exercise supplemental jurisdiction over the remaining state claims (IPRA claims and malicious abuse of process claim pursuant to § 41-4-12) and dismiss those state claims without prejudice.

_____
HON. MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE